UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SIMPSON JUAN,<br><br>        Plaintiff,<br><br>    v.<br><br>JNESO, DISTRICT COUNCIL 1 and ST. MICHAEL'S MEDICAL CENTER, MEMBER OF CATHOLIC HEALTH EAST,<br><br>        Defendants. | Civ. No. 2:16-0642 (WJM)<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

Defendant JNESO, District Council 1 ("JNESO") is accused of breaching a duty of fair representation it owed to Plaintiff, Simpson Juan. This matter comes before the Court on JNESO's motion for summary judgment,[1] made pursuant to Federal Rule of Civil Procedure 56. For the reasons that follow, the motion will be **GRANTED**.

**I.   BACKGROUND**

Juan is a New Jersey resident who was formerly employed as a healthcare worker at St. Michael's Medical Center ("SMMC"). JNESO is a labor union and collective-bargaining majority representative of health care workers at SMMC. Its principal place of business is located in North Brunswick, New Jersey. *See* Complt. at ¶ 1. Juan joined SMMC in 1995 and was employed there until he was terminated in February of 2013. *See id*. at ¶¶ 5-10. The details regarding Juan's termination are largely irrelevant to the instant motion. Generally, SMMC terminated Juan for allegedly refusing to follow a physician's instructions in connection with administering care to a patient. *See id*. at ¶¶ 8-10.[2]

---

[1] JNESO initially filed a motion to dismiss, which this Court converted into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d).
[2] Juan vigorously denies any fault in connection with the incident that resulted in his termination.

1

Shortly after the termination, JNESO filed a grievance on Juan's behalf, which resulted in the matter being referred to John F. Tesauro, Sr. Arbitrator. An arbitration hearing was then held on July 16, 2013. At the hearing, SMMC called a number of witnesses in support of its position, while JNESO called Juan as the sole witness to present the other side of the story. Moreover, prior to the commencement of the hearing, Mr. Tesauro and SMMC were openly fraternizing with one another, which according to Juan is troubling because Mr. Tesauro would later exhibit bias in favor of SMMC. *See id*. at ¶11.

On September 10, 2013, Mr. Tesauro ruled in favor of SMMC. *See id*. at ¶ 12. Consequently, SMMC's decision to terminate Juan was upheld. *See id*. at ¶ 13. On January 28, 2014, JNESO informed Juan that the arbitrator upheld the termination. However, JNESO initially failed to provide Juan with a copy of the arbitrator's written decision. *See id*.[3] On February 25, 2014, Juan voiced his displeasure with various JNESO officials, contending that JNESO failed to introduce certain evidence at the arbitration hearing that would have bolstered his case. *See id*. at ¶ 16. Moreover, in a January 23, 2015 correspondence to his attorney, Juan indicated that he was aware of JNESO's decision not to appeal the arbitrator's decision. *See* Juan Aff., Ex. G. In that same letter, he explained that Judy Rivera – another employee who was involved in the relevant incident – prevailed in her arbitration against SMMC. *See id*.

On September 9, 2015, Juan filed a complaint against JNESO in the Superior Court of New Jersey. *See* ECF No. 1. The complaint accuses JNESO of breaching the duty of fair representation it owed to Juan. *See* Complt. at ¶¶ 5-20. Specifically, Juan alleges that JNESO failed to (1) call certain witness on Juan's behalf; (2) ask SMMC certain questions that were critical to Juan's case; (3) call for Mr. Tesauro's recusal from the hearing; and (4) promptly provide Juan with a copy of the arbitrator's written decision. *See id*. JNESO then filed a timely notice of removal. *See* ECF No. 1. Shortly thereafter, JNESO filed the instant motion.

## II. SUBJECT MATTER JURISDICTION

Although Juan did not contest removal, the Court has made a *sua sponte* determination that it has subject matter jurisdiction over this action. *See, e.g., Golden ex rel. Golden v. Golden*, 382 F.3d 348, 354 (3d Cir. 2004) (federal courts are under "a continuing obligation to investigate their jurisdiction over matters before them.") Specifically, the Court concludes that because Juan's claim for breach of the duty of fair representation is completely preempted by Section 9(a) of the National Labor Relations Act ("NLRA"), this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. *See BIW Deceived v. Local S6, Indus. Union of Marine and Shipbuilding Workers of America, IAMAW Dist. Lodge 4*, 132 F.3d 824, 831-832 (1st Cir. 1997) ("a district court

---

[3] Juan did not actually receive a copy of the arbitrator's decision until January 8, 2015. *Id*. at ¶ 17.

possesses federal question jurisdiction when a complaint, though garbed in state-law raiment, sufficiently asserts a claim implicating the duty of fair representation"); *Richardson v. United Steelworkers of America*, 864 F.2d 1162, 1169-70 (5th Cir. 1989) (same). *See also Walsh v. Int'l Broth. Of Elec. Workers (I.B.E.W.) Local 503*, 62 F.Supp.3d 300 (S.D.N.Y. 2014).[4]

### III.     JNESO'S MOTION FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56 provides for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine if a reasonable jury could find for the non-moving party, and is material if it will affect the outcome of the trial under governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A party must support its position by citing to "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations[,] . . . admissions, interrogatory answers, or other materials . . . ." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The court considers the record in the light most favorable to the non-moving party while drawing all reasonable inferences in that party's favor. *Bowers v. NCAA*, 475 F.3d 524, 535 (3d Cir. 2007).

JNESO argues that it is entitled to summary judgment because the claims against it are barred by the applicable statute of limitations. The parties agree that the applicable statute of limitations in the case is six months. *See DelCostello v. Int'l Bhd. Of Teamsters*, 462 U.S. 141, 169 (1983). JNESO contends that, at the very latest, Juan should have known about his claims by January 8, 2015, the date when he allegedly received a copy of the arbitrator's decision. JNESO further points out that Juan did not file his complaint until September 9, 2015, well after the six-month limitations period had expired. Juan counters that under the discovery rule, his claim did not accrue until he learned that an arbitrator had exonerated Ms. Rivera and reinstated her as an SMMC employee. In the alternative, Juan argues that the doctrine of equitable tolling defeats JNESO's statute of limitations defense. For the reasons that follow, the Court rejects Juan's arguments and concludes that his claims against JNESO are time-barred.

Under the discovery rule, an act will not begin to accrue until the employee "discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged violation." *Hersh v. Allen Products Co.*, 789 F.2d. 230, 232 (3d Cir. 1986). Courts in this district have held that the discovery rule may apply to breach of duty claims against a union. *Carrington v. RCA Global Communications, Inc.*, 762 F.Supp.

---

[4] The Third Circuit has yet to directly hold that Section 9(a) of the NLRA has complete preemptive effect. However, at least one other district court in the Third Circuit has found the above-cited authority persuasive. *See Shanefelter v. U.S. Steel Corp.*, 784 F.Supp.2d 550, 556 n.3 (W.D.Pa. Mar. 23, 2011).

632, 638-39 (D.N.J. 1991) (citing *Balsavage v. Ryder Truck Rental, Inc.*, 712 F.Supp. 461, 469 (D.N.J. 1989)). "Specifically, the clock begins to run when the plaintiff knew or should have known of the acts constituting the union's wrongdoing." *See id.* (citing *Arriaga-Zayas v. Int'l Ladies' Garment Workers' Union*, 835 F.2d 11, 13 (1st Cir. 1987)).

The record in this case unequivocally shows that Juan should have known of JNESO's alleged wrongdoing by no later than January 23, 2015. On that date, Juan explained to his attorney that he was aware of the March 20, 2014 decision not to appeal the arbitrator's decision. He further explained his belief that there was a conflict of interest that tainted the arbitration. Moreover, he indicated that he was aware of the fact that Ms. Rivera received a favorable decision in her arbitration. Again, the six-month statute of limitations period begins to run "when the claimant discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged violation." *Hersch v. Allen Prods. Co., Inc.*, 789 F.2d 230 (1986) (citing *Metz v. Tootise Roll Industries, Inc.* 715 F.2d 299, 304 (7th Cir. 1983)). Juan's January 23, 2015 correspondence to his attorney expresses the same grievances against JNESO that are contained in his complaint. *See* Juan Aff. at ¶ Ex. G. Therefore, at the very latest,[5] Juan was required to file his complaint by July 23, 2015. Because Juan did not file his complaint until September 9, 2015, his claims are time-barred.[6]

For the same reasons, Juan is not entitled to equitable tolling. In order for equitable tolling to apply, a plaintiff must demonstrate "(1) that he has been pursuing his right diligently, and (2) that extraordinary circumstances stood in his way." *Pabon v. Mahanoy*, 654 F.3d 385 (3d Cir. 2011). First, there has been no indication that Juan has been pursuing this case diligently. This case largely arises out of an arbitration that took place over three years ago. *See* Juan Aff. at ¶ 5. In fact, in October of 2013, Juan informed a JNESO representative that he wished to file a lawsuit because he wanted his "day in a Court of law." *See id.* at Ex. D. The record further reveals that by as early as January of 2014, Juan had specific reasons for why he believed the arbitration was tainted by bias. Indeed, in a January 25, 2014 letter, Juan complained that he was deprived of his "right to a fair representation [due to] sub-standard lawyers from the union." *See id.* at Ex. E. Finally, as already mentioned, at the very latest, Juan knew that JNESO would not appeal the arbitration decision by January of 2015. *See id.* at Ex. G. And despite retaining a lawyer to represent him that same month, *see id.* at Ex. F, Juan did not file his lawsuit until September of 2015. Finally, Juan has not pointed to any extraordinary circumstances that prevented him from filing his lawsuit in a timely fashion. Consequently, the Court will enter summary judgment in JNESO's favor.

---

[5] This is a rather charitable view of when Juan's claims against JNESO began to accrue. Indeed, Juan knew of the arbitrator's decision as far back as January of 2014. *See* Juan Aff. at ¶ 7.

[6] To the extent Juan's claims arise out of JNESO's decision not to appeal the arbitrator's decision, they too are time-barred. The Third Circuit has held that the limitations period on such a claim will begin to run when "'the plaintiff receives notice that the union will proceed no further with the grievance.'" *Hersch*, 789 F.2d at 232 (3d Cir. 1986) (quoting *Bruch v. United Steelworkers of America*, 583 F.Supp. 668, 670 (E.D.Pa. 1984)). At the very latest, Juan knew of JNESO's decision on January 23, 2015, when he explained his grievances with JNESO to his attorney.

### IV. NJLAD CLAIM AGAINST SMMC

Juan has also asserted a claim against SMMC under the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. § 10:5—12. After a *sua sponte* review of the allegations against SMMC, the Court finds that it would be inappropriate to exercise supplemental jurisdiction over Juan's NJLAD claim. *See Stires v. Sprint Corp.*, No. 95-1510, 1995 WL 632077 (D.N.J. Sept. 18, 1995) (citing *Employers Ins. of Wausau v. Crown Cork & Seal Co., Inc.*, 905 F.2d 42, 45 (3d Cir. 1990)). 28 U.S.C. § 1367 provides that a district court may decline to exercise supplemental jurisdiction over a claim where:

1. the claim raises a novel or complex issue of State law,
2. the claim substantially predominates the claim or claims over which the district court has original jurisdiction
3. the district court has dismissed all claims over which it has original jurisdiction, or
4. in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

§ 1367(c). Moreover, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors … will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

Here, the only claim remaining is a state law claim[7] against SMMC. Indeed, the one defendant who was subject to a federal claim – JNESO – has just had judgment entered in its favor. Moreover, this case is still in its infancy; the parties have not undergone any discovery; and the Court has not even had the opportunity to address the merits of the NJLAD claim at the pleading stage. Consequently, the Court will not exercise supplemental jurisdiction over Juan's NJLAD claim against SMMC. The NJLAD claim will be **DISMISSED WITHOUT PREJUDICE** to Juan's right to refile his claim in state court.

---

[7] LMRA preemption (complete or ordinary) does not apply to Juan's NJLAD claim. *See, e.g., Patterson v. Exxon Mobil Corp.*, 262 F.Supp.2d 453, 464 (D.N.J. 2003) (no preemption where NJLAD claims of racial discrimination against employer do not require interpretation or construction of relevant collective bargaining agreement).

## V.     CONCLUSION

For the reasons stated above, the JNESO's motion for summary judgment is **GRANTED**. Juan's NJLAD claim against JNESO is **DISMISSED WITHOUT PREJUDICE** to Juan's right to refile that claim in state court.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: July 27, 2016**