UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SIMPSON JUAN,** | Civ. No. 2:16-00642 |
| **Plaintiff,** | |
| v. | **OPINION** |
| **JNESO, DISTRICT COUNCIL 1 and ST. MICHAEL'S MEDICAL CENTER, MEMBER OF CATHOLIC HEALTH EAST,** | |
| **Defendants.** | |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff Simpson Juan brings this action against JNESO, District Council 1 ("JNESO") and St. Michael's Medical Center ("SMMC"), alleging breach of the duty of fair representation against JNESO and age and origin discrimination against SMMC. This matter comes before the Court on Plaintiff's motion to lift the stay and remand to New Jersey Superior Court. There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Plaintiff's motion is **GRANTED**.

**I. BACKGROUND**

On September 9, 2015, Plaintiff filed a complaint (the "Complaint") in New Jersey Superior Court, alleging breach of the duty of fair representation against JNESO ("Count 1") and a violation of the New Jersey Law Against Discrimination against SMMC ("Count 2"). *See* Notice of Removal, Ex. A 9–14, ECF No. 1.[1] Shortly after being served with the Complaint, JNESO removed the instant case to this Court on the ground that it has original jurisdiction over Count 1 "under the provisions of Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 . . . ." *See id.* ¶ 5. On July 27, 2016, the Court granted summary judgment on Count 1 in favor of JNESO, finding that Plaintiff's claim for breach of the duty of fair representation was barred by the six-month statute of limitation. *See* Op. 4, ECF No. 9. It also dismissed Count 2 without prejudice, declining to exercise supplemental jurisdiction. *Id.* at 5.

Plaintiff appealed and on August 23, 2017, the Third Circuit issued a mandate,

---
[1] The Court cites to the ECF pagination only for citations to Exhibit A.

remanding the case "to evaluate the effect of SMMC's bankruptcy petition on its ability to adjudicate Appellant's claim against SMMC" and "to determine whether certification under Fed. R. Civ. P. 54(b) is necessary to provide us with appellate jurisdiction over Appellant's claim against JNESO." *See* Mandate of USCA 2, ECF No. 14. This Court subsequently issued an order, vacating its dismissal of Count 2 pending the outcome of SMMC's bankruptcy proceeding, but certifying for appeal as a final order its grant of summary judgment on Count 1 for JNESO. *See* Order, ECF No. 16. Plaintiff did not further appeal the issuance of that order to the Third Circuit.

Plaintiff now moves to lift the automatic stay and remand the case to New Jersey Superior Court pursuant to a consent order issued in the SMMC bankruptcy proceeding. *See* Pl.'s Br. to Lift Automatic Stay of Count II of Compl. & Remand 2–4, ECF No. 22-2. The order states, "The Plan Injunction shall be modified to allow Juan to prosecute his employment discrimination claims against the Debtor in the appropriate forum." Aff. of S. Ptasiewicz, Ex. D 4, ECF No. 23. JNESO responds, arguing that any forthcoming remand to state court should not include Count 1 because the Court's previous grant of summary judgment remains final pursuant to its certification order, which Plaintiff failed to appeal. *See* Def.'s Resp. to Pl.'s Mot. to Remand 13–15, ECF No. 23-1.

## II. LEGAL STANDARD

"[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if[:] (1) the claims raises a novel or complex issue of State law[;] (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction[;] (3) the district court has dismissed all claims over which it has original jurisdiction, or[;] (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." § 1367(c). "Section 1367(c) grants district courts the discretion to refuse to exercise supplemental jurisdiction when 'values of judicial economy, convenience, fairness, and comity' counsel that the district court remand state claims to a state forum." *Hudson United Bank v. LiTenda Mortg. Corp.*, 142 F.3d 151, 157 (3d Cir. 1998) (quoting *City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173–74 (1997)).

## III. DISCUSSION

The Court lifts the stay pursuant to the Bankruptcy Court's order. The Federal Rules of Appellate Procedure require that a notice of appeal "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). Thus, Plaintiff had 30 days from October 20, 2017, to file an appeal of the Court's order certifying its summary judgment ruling as final. Plaintiff never filed an appeal and, therefore, has forfeited that right. Accordingly, Count 1 is no longer subject to the instant litigation.

The sole remaining count, Count 2, is Plaintiff's state law discrimination claim. "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). Here, the balance of factors clearly favors the Court's declination to exercise jurisdiction and remand to a state forum. The Court has dismissed the only claim over which it had original jurisdiction and the only remaining claim is a state law claim. Accordingly, the Court **GRANTS** Plaintiff's motion and **REMANDS** Count 2 of the Complaint in the instant case to the Superior Court of New Jersey.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's motion to remand is **GRANTED** and the instant case is **REMANDED** to the Superior Court of New Jersey. An appropriate order follows.

*/s/ William J. Martini*
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: June 13, 2018**